And my name is Bill Waddell, W-A-D-D-E-O-L. And this petition for review is a challenge to a denial of a motion to reopen in absentia hearing. However, we're not challenging whether the respondent had proper notice or not, and we're not challenging whether there were exceptional reasons for him not appearing. We are challenging whether he was removable as charged. Originally, in 1999, the Immigration and Naturalization Service charged the respondent or the petitioner with being deportable under Section 101-A43 of the Immigration and Nationality Act as one who has been convicted of an aggravated felony. The petitioner had been convicted of burglary of a vehicle in violation of California Penal Code Section 459, and he was sentenced to a 365-day term. Do I recall correctly that the charging document charged it as burglary with intent to commit a theft? Well, no. The actual the charging document, originally the immigration judge asked the Immigration and Naturalization Service, this was before they changed to the Department of Homeland Security, to specify what section of 101-A43-G they were or what section of 101-A43 they were charging him with. And they specifically specified 101-A43-G, which is for a theft offense or a burglary offense. I didn't make my question clear. The charging document, the complaint in State court. Oh, he was not charged with an attempt. He was charged with California Penal Code Section 459, burglary. And they alleged that he did this with the intent to commit theft. Yes, that's true. That was part of the complaint, and it also on the guilty plea did specify that there was an intent to steal. Right. Why doesn't that make this an attempted theft type of offense? The reason it doesn't is because attempts are challenged or defined in the Immigration and Nationality Act as aggravated felonies under 101-A43-U. And the government never, even though they had the opportunity to amend the notice to appear to challenge under 101-A43-U, they never ---- You're saying it might do that, except that if we're properly charged, it might. Right. But in this instance, he was not on notice at the time of ---- In fact, the NTA had no subsection. Is that right, originally? Originally, the NTA had no subsection. And then when they got to the ---- One of the hearings. The immigration judge specifically asked them which section of 101-A43 they were going to allege. And they said 101-A43-G. Now, the immigration judge, in her decision, found him removable under 101-A43-U, although he was never ---- Although that isn't exactly so, either, because although she said that, and the actual document said G again, didn't it? The actual document said G. Right. She had ---- I mean, she had specified in her decision that it was an attempted theft, and she referred to 101-A43-U. But her order actually went back to G again. That's correct. So in terms of what he could challenge at that point, he had a ---- the notice issue really wasn't raised at that juncture. Then later on, they went back to U again. That's my understanding. Right. But they had never specifically alleged U. In other words, the notice affair was never made in U. My real question is, it does seem to me there's a serious notice problem here. But did you exhaust that question? I did raise the T in the Order of Immigration Appeals, that he was never charged or convicted of attempts. Right. But did you ever raise that the immigration law exhaustion problem, i.e., that he was not notified with regard to his removal, that he was being removed? We never specifically challenged that there was no notice. However, even if it was specified as 101-A43-U, I would still argue that this is not an attempted theft. First of all, the Ninth Circuit specifically had determined that burglary of a vehicle in the Yee v. INS, that this section was not a burglary offense because it doesn't meet the common law definition of burglary because it was breaking into a vehicle. And they also ruled that it wasn't a crime of violence. In that decision, they never reached the issue as to whether it was a theft offense or not. The Fifth Circuit had decided that it was not a theft offense. And also in the Ninth Circuit, I don't believe that a burglary of a vehicle meets the definition of a theft as set forth in Corona-Sanchez. How about with the additional allegation that he entered with the intent to commit a theft? Again, he was never convicted under California law for attempt. In other words, I don't see any of that. No, we understand he was convicted of burglary. But the charging document charged that he didn't enter with the intent to commit some other felony or a sexual assault. They charged that he entered with the intent to commit a theft, and that's what he pled guilty to. And as you mentioned, that's what the plea agreement also provided. So why is why doesn't that suffice? Because I believe that he would have there is a section under California penal code for people that are convicted of attempts and that they should actually be charged with an attempt. In fact, that was the position of the dissent of the Board of Immigration Appeals in the case of Matter of Onedo, which I cited on page 9 of the brief, where the dissent specifically stated that 101A43 lists the offenses to charge one as an aggravated felony. This is what's confusing. Now you're going back to the question that he wasn't charged in the immigration proceeding with G. With U, he was charged with G, which is true. But that's what I want to know is whether that issue is properly before us. Yes, I believe that was properly before you. But when I was saying that he was charged, I'm saying he wasn't charged under California penal code with attempt. Why does that matter? Because the 101A43U refers to various convictions, and they say if you've been convicted of, and they say attempt. And that's the position of the dissent. Yes, but it doesn't matter what it's called. It matters what are the generic elements of attempt. And was he convicted of a crime that had those generic elements? Well, I disagree that that is the issue, because I think you're looking at each case individually. And I don't think this is a case that necessarily requires a modified categorical approach to it. He simply was not convicted of an attempt. Suppose California called, you know, theft bananas. So he was convicted of bananas. But theft was an aggravated felony. You'd still look to find out what he was convicted of, what were the elements, and whether it meets theft. Right? What they call it doesn't matter, does it? Well, I believe what they call it does matter. He was convicted of a burglary offense. And burglaries, he was convicted of a burglary offense, but the California definition of burglary of a vehicle does not meet the federal definition. So under the federal definition, it may not be a burglary, but it may still be a theft, correct? It may still be a theft, but it doesn't meet the generic definition of a theft as set forth by the Ninth Circuit in Corona-Sanchez. Which is what? Because you're taking control of property with the intent to deprive the owner, whether permanently or temporarily. And he never had any control over property. That's not a necessary element. But the question is whether he intended to do that. Right. According to the guilty plea, he did intend to steal. Right. But I don't know. And he also broke into – of course, also according to the guilty plea, he broke into a car in order to do this. Exactly. Would that be an attempt to steal? I mean, if there's a problem here, the problem is with the modified categorical approach, i.e., are – were they entitled to rely on the guilty plea? The guilty plea was to those two elements, right? That is correct. It did say intent to steal. All right. Now, the question is, were those two elements necessary to his conviction? But you haven't really challenged that issue. You haven't really raised a modified categorical issue. So to me, what's wrong here is that nobody told him that this is what they were going to try to deport him for. And when he didn't show up – well, the first time he did show up, right? In 1999, he did show up. The first time he did show up, the case was appealed to the Board of Immigration Appeals. About a year or so later, it came back down so he could apply for relief under Section 212C of the Act. And this you thing came up at the beginning – at the first 1999 hearing. Yes. It did come up at the first hearing. The judge issued an interim order, which she, in her final order, incorporated, where she did find him guilty of attempted theft. She never found him guilty of a burglary offense. She did find him removable for an attempted theft. Thank you, Mr. Whittaker. Time is up. Thank you. Okay. Good morning, Your Honors. May it please the Court. Jem Sponzo on behalf of the Respondent. First and foremost, the issue that is before this Court is whether the Board abused its discretion in denying Petitioner's appeal of the denial of his motion to reopen. That is the specific issue that is before this Court in this petition for review. Now, underlying that, as Your Honors have been discussing, is whether Petitioner is, in fact, removable as an aggravated felony. Clearly, he is for an attempted theft offense. The proper approach in this case would be a modified categorical analysis, given the fact that the specific section of the California Penal Code that is at issue in this case punishes either a felony or an intent to commit larceny. Therefore, you would necessarily have to look to see Petitioner's specific conduct, as Your Honors have been. Does the crime require that the entry into the car be forcible or unlawful? What if the car were open? What if he thought it was his friend's car, but he opened it? It was his friend's car, and he got in, but when he got in, he intended to steal something? Again, those separate facts, particularly given everything that's going on in this particular case. Kagan. I'm just asking whether under the California statute that would be a burglary. Again, burglary is not what's at issue in this case. Whether that would be burglary, I'd have to – I see what you're saying. I'd have to investigate that. No, but he was only charged with burglary. He was – I mean, he was convicted of burglary. That's what he was convicted of. Correct. So I'm trying to understand whether the crime that he was convicted of would have allowed him to be convicted without regard to whether he actually broke into the car. Again, that burglary prong and the burglary issue is not at issue in this case. I'm sorry, but it is, because that's what he was convicted of. And if – the attempted theft would only work if he did something toward the theft, right? Just having in his mind that he was going to steal something wouldn't do it, right? So he had to do something. I'm trying to find out what the something is that he was convicted of doing under the crime of which – for which he was convicted, which was burglary. What was it? The substantial step in this case was entering a locked vehicle. All right. And we know from his conviction for burglary that he did that. Correct. How do we know that? Based on his plea of guilty and the information set forth therein. Was that a necessary element? Did he need to establish that, or did the prosecution need to establish that in order to convict him of the crime for which he was convicted, burglary? At the outset, Your Honor, and perhaps to clarify here, the captioning of this offense as burglary of a vehicle does not necessarily mean that under this modified categorical approach and moving toward finding prisoner removable as an aggravated felon under U and not G, we wouldn't look to see whether the generic elements of burglary have been met in this case. What we are looking for is whether we can say that Petitioner is removable for an attempted theft offense. So here Petitioner knowingly entered a locked vehicle without consent. The question isn't what he did. The question is what was he convicted of doing. All right? And if it was not necessary to his conviction that he enter a locked vehicle, the fact that he – it is in his plea that he did that is not terribly relevant. And that's what our recent case law has made clear. So what was he – what did he have to do to be convicted? We have to see attempt. No. No. To be convicted of what he was convicted of, which was not attempt. Doesn't the statute refer to entering a locked vehicle with a specific intent to steal or commit a felony? Yes. Okay. So the vehicle has to be locked, right? You enter the vehicle with the intent to steal. At that point in time, the burglary is, in fact, completed, correct? Correct. Okay. And he entered the vehicle with the intent to steal, right? Yes. Okay. So the answer to my question is that the doors had to be locked. You could have just answered my first question, which is all I was trying to find out. If he walked into the car without – and it wasn't locked, would it have been guilty of the crime of which he was convicted? And the answer is no. Is that right? Yes, Your Honor. Fine. I apologize for digressing and answering your question. I think what we're trying to distinguish here is simply that Petitioner's arguments that he's not guilty of burglary are not necessarily dispositive or relevant to the analysis in this case, even moving beyond the fact. I have a question for you, though. Mm-hmm. This isn't really an attempt. This is a completed crime, right? Because the elements of the crime that he was convicted of was that he entered a locked vehicle with intent to steal. That crime is completed, correct? Yes. Okay. We would agree. Again, what's at issue based on this record is whether Petitioner can be found removable as an aggregated felon for an attempted theft offense. Clearly, based on the record before this Court, that hasn't done it. I wonder about that attempted theft, though. Isn't it a theft? Yes. We would agree absolutely, Your Honor, that it is. As opposed to an attempted theft. Correct. It's a theft. It's breaking into a vehicle with intent to steal, right? That is how – And that crime is completed. Yes. Okay. Returning to the motion to reopen issue, Your Honors, that, based on the procedural history in this case, based on the manner in which this petition for review has come before this Court, what you must determine is whether the agency abused its discretion in denying Petitioner's motion to reopen. The determination that Petitioner is removable as an aggregated felon. Well, does it matter at all that this is not what he was charged in the NTA with having done? It does not. Why? Petitioner was charged with removability as an aggregated felon. You don't have to charge a subsection. Or they charge the wrong subsection, and that doesn't matter? That is – The lawyer at the hearing had no way to know what he was supposed to be defending against? Well, again, as Your Honor pointed out, those issues have not been fully adjudicated by the agency. And if – Well, that's what I'm trying to find out. Why not? At most in this case, what should happen, based on this procedural history, is a determination in this instance of whether the agency abused its discretion in denying the motion to reopen, and then allow the board and the immigration judge, the agency as a whole, to look further into whether there is a problem in amending the notice to appear. I do not believe that there is. Petitioner had noticed that he was charged with removability as an aggregated felon, and whether G or U – You mean that if somebody walked into one of these hearings and they said you're being charged with having committed murder, and then it turns out they said, oh, forget that, it's actually theft, that would be fine? Based on these facts and based on the language of this burglary of the vehicle statute, that isn't the kind of situation that would be contemplated. But except that the issues that we're now discussing with regard to whether there was an attempted theft are completely different legal issues than you would discuss in trying to figure out whether there was a burglary, right? Yes. So – and was he represented at the first hearing? By present counsel. Right. Was the lawyer – if the lawyer had tried to figure out what he was supposed to defend against, would he have known that – there is, for example, no Ninth Circuit law saying that this would fit attempted theft. Maybe it would, maybe it wouldn't, but it's certainly a legal issue that he was entitled to research and present. Did he have any notice of that? He certainly did. If you have notice of G, there's necessarily notice that the attempt to commit that offense is possible. Did he ever say, hey, look, you charged me with G, but I'm – now you're sticking me with you? Did he ever say anything like that anywhere along the way? No. Not only did he not, after the board remanded Petitioner's matter to the immigration judge in an abundance of fairness to see whether Petitioner, as an individual who pled guilty, may be eligible for former 212c relief, Petitioner failed to appear. The immigration judge noted that there may have been a subsequent address of record, sent Petitioner's over for another three months. So essentially, on the facts of this case, because there was a second hearing, at that point he had notice because it had already happened. Absolutely. Absolutely. At that point, he could have shown up, presumably, and said, you know, this wasn't fair the first time. Absolutely. And particularly in this kind of a case where the board goes so far as to review the record and say, this may be another avenue, we should remand. They do so. The immigration judge grants a subsequent hearing, an additional three months, and Petitioner's only answer is to come back with the same arguments that have been rejected by the immigration judge in a motion to reopen, and then, in his appeal to the board, merely submits the identical motion to reopen. Makes no effort to present any new arguments, any of the arguments that he's presently trying to raise. These issues are simply settled and decided based on the record. Thank you. Thank you, Your Honor. Schweda, you already used up your time, so the case argued is submitted. Good morning. 0472378, Hoya, Zolea v. Mukasey. Each side will have 10 minutes.
judges: Silverman, Berzon,benitez